UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAURA MORGAN-RINEHART, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FRED VAN DE PERRE and A BETTER § <br> WAY OF LIFE, INC., § <br> § <br> Defendants. § | Case No. 1:16-cv-1327 |

## NOTICE OF REMOVAL

Defendants Fred Van de Perre and A Better Way of Life, Inc., by counsel and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby file their Notice of Removal of the above-entitled action from the District Court of the 53rd Judicial District in Travis County, Texas, where it is currently pending, to the United States District Court for the Western District of Texas, Austin Division. In support of this Notice of Removal, Defendants states the following:

1.  On or about November 21, 2016, Plaintiff Laura Morgan-Rinehart, commenced in the District Court of the 53rd Judicial District in Travis County, Texas, an action entitled, *Laura Morgan-Rinehart v. Fred Van de Perre and A Better Way of Life, Inc.*, 53rd Judicial District Case No. D-1-GN-16-005690. All of the pleadings, orders and other documents served on or obtained by Defendants related to the State Court action are attached as **Exhibit 1**.

2.  The Plaintiff's Original Petition and Request for Disclosures was delivered to the Texas Secretary of State on November 23, 2016 for delivery to Defendants A Better Way of Life, Inc. and Fred Van De Perre. A Better Way of Life, Inc. and Fred Van De Perre received the documents on December 5, 2016, via certified mail.

3. This Notice of Removal is filed within 30 days after Defendants receipt of the Plaintiff's Original Petition and Request for Disclosures, which was the initial pleading setting forth the Plaintiff's claims for relief.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal are satisfied and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

6. Defendant was served with and received Plaintiff's Complaint on November 23, 2016. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleading, and orders are included in this Notice. *See* Exhibit 1.

8. The United States District Court for the Western District of Texas, Austin Division, includes the 53rd Judicial District in Travis County, Texas, where this action initially was filed. 28 U.S.C. §§ 94(a)(2), 1441(b), 1446(a). Thus, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

9. In compliance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff, and a copy will be filed with the Clerk of the 53rd Judicial District in Travis County, Texas, State of Texas, the court in which this action initially was filed.

12. Plaintiff made a jury demand in the state court suit.

13. By filing this Notice of Removal, Defendants do not waive, and hereby reserve, any right to assert objections and defenses to Plaintiff's Original Petition and Request for Disclosures, including, but not limited to, all objections and defenses relating to service of process and personal jurisdiction.

14. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable and to conduct jurisdictional discovery, if needed.

### *REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441*

15. A defendant may remove an action from a state court to a federal court if the action could have been brought originally in federal court. *See* 28 U.S.C. § 1441. Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. And, the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

#### *Complete Diversity Of Citizenship Exists*

16. There is complete diversity of citizenship between Plaintiff, a citizen of Texas, and the Defendants, who are both citizens of Montana. *See* 28 U.S.C. § 1332(a).

17. Plaintiff Morgan-Rinehart is a Texas resident. Plaintiff's Original Petition at ¶ 3.

18. Defendant A Better Way of Life, Inc., is, and has been at all relevant times, incorporated in the State of Montana. *See* Ex. 1, Plaintiff's Original Petition at ¶ 4. A Better Way of Life, Inc., is therefore a citizen of Montana for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

19. Defendant Fred Van de Perre is, and has been at all relevant times, a resident of the State of Montana. See Plaintiff's Original Petition at ¶ 5. A Better Way of Life, Inc., is therefore a citizen of Montana for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

20. This matter is between citizens of different states and complete diversity of citizenship exists as required by 28 U.S.C. § 1332(a)(1).

### *The Amount-In-Controversy Requirement Is Satisfied*

21. It is apparent from the face of the Complaint that Plaintiff seeks recovery of "damages in the amount of at least $ 200,000," exclusive of costs and interest. *See* Ex. 1, Plaintiff's Original Petition at ¶ 82.

22. Given the nature of Plaintiff's alleged injuries, the broad scope of damages requested, and the lack of any express limitation on the amount of damages sought, the Complaint plainly satisfies the jurisdictional amount requirement.

Berkshire respectfully requests the Court to accept this Notice of Removal and assume jurisdiction over this action, and for all other relief proper in the premises.

Dated: December 21, 2016.

        Respectfully submitted,

        PORTER HEDGES LLP

        /s/Amy C. Falcon
        Amy C. Falcon
        Texas Bar No. 24053576
        1000 Main Street, 36th Floor
        Houston, Texas  77002
        Telephone: (713) 226-6681
        Facsimile: (713) 226-6281
        afalcon@porterhedges.com

        ATTORNEYS-IN-CHARGE FOR
        DEFENDANTS FRED VAN DE PERRE AND A
        BETTER WAY OF LIFE, INC.

OF COUNSEL:

Ray T. Torgerson
Texas Bar No. 24003067
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone:  (713) 226-6650
Facsimile: (713) 226-6250
rtorgerson@porterhedges.com


T. Earl LeVere (pro hac vice)
ICE MILLER, LLP
250 West Street, Suite 700
Columbus, Ohio 43215
earl.levere@icemiller.com
Tel: (614) 462-1095
Fax: (614) 228-4847
earl.levere@icemiller.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following counsel through the ECF transmission, on December 21, 2016, addressed as follows:

Daniel Scardino
Dustin Taylor
REED & SCARDINO, LLP
301 Congress, Suite 1250
Austin, Texas 78701
Telephone:  512-474-2449
Facsimile:  512-474-2622
dscardino@reedscardino.com
dtaylor@reedscardino.com


/s/ Amy C. Falcon
Amy C. Falcon

5962548v1